**Richard E. O'ROURKE, et al., Plaintiff**

v.

**UNITREND, INC., et al., Defendant**

No. 3:01 CV 7235.

United States District Court,
N.D. Ohio,
Western Division.

Aug. 20, 2004.

Marshall A. Bennett, Jr., Marshall & Melhorn, Michael A. Gonzalez, Marshall & Melhorn, Toledo, OH, Robert J. Smolenski, Smolenski & Wooddell, Honolulu, HI, for Richard O'Rourke, Melane Ali, Plaintiffs.

Ronald V. Grant, Dwyer Schraff Meyer Jossem & Bushnell, Honolulu, HI, Scott R. Mergenthaler, Carlile Patchen & Murphy, Columbus, OH, Susan E. Howard, Perrysburg, OH, for Unitrend, Inc., Conrad A.H. Jelinger, Eric V. Jelinger, Douglas E. Stallings, Ray Kest, Lucas County Treasurer USA Today, Key 3 Media, Inc., fka Softbank Comdex, Inc., National City Bank, Bank One, N.A., Mortgage Electronic Registration Systems, Inc., as nominee for Bank One, N.A., Sky Bank, This LLC, Defendants.

## ORDER

CARR, District Judge.

This is a diversity action between investors and those with whom they made their investment, in which the plaintiffs' allegations included claims based on violations of Hawaii securities laws. Initially filed in federal court in that state, that court transferred the case to this court.

At a relatively early stage after the case came to this court, the parties entered into a settlement agreement, whereby the plaintiffs were to receive a refund of their investment, plus a portion of the interest that would have accrued on the funds had they not been placed with the defendants. The settlement agreement included a provision for an award to plaintiff of any subsequently incurred attorneys' fees and costs.

Plaintiffs' efforts to collect on the agreement began early on to encounter difficulties, which continued for about two years—and which, for all I am aware, may continue still. Throughout this period the proceedings have been marked by commitments by the defendants, breach by them of those commitments, conference with the court, renewed/revised commitments by the defendants (reluctantly accepted by the plaintiffs at the court's request), breach by the defendants once again of those commitments, another conference with the court, more renewed/revised commitments by the defendants (again accepted reluctantly by the plaintiffs at the court's urging), yet another breach of those commitments by the defendants, a further conference with the court, renewed/revised commitments by the defendants (imposed, in essence, on unwilling

plaintiffs by the court), defendants' unsurprising breach of those commitments—and so on and so on.[1]

Pending is plaintiffs' motion for attorneys' fees and costs. The defendants oppose the motion principally on the basis that the fees are excessive.

For the reasons that follow, I disagree; the motion shall be granted and judgment entered accordingly.

The defendants complain that too many lawyers and too much of their time was devoted to what they suggest is merely a collection action. That suggestion is not accurate: this is about as far removed from, say, executing on a cognovit note as one can get.

The plaintiffs' efforts, moreover, had to be undertaken in several venues, with attorneys located there and elsewhere. Plaintiffs' own counsel is in California; he had to retain counsel for his clients in Hawaii, who (though having of necessity to remain very active in the case), in turn, had to retain counsel in Ohio. The Ohio firm, in turn, had to provide the services of two attorneys. The first of these, an associate, was assigned to the case at the outset, when it may, indeed, have seemed to be a straightforward collection action. The second, a seasoned attorney with the skills of experience, only later, as matters became more complex, and negotiation between the parties, conferences with the court, and related matters displaced the simplicity of levy and execution.

In a word: had the white flag of early settlement led to real capitulation, the work of the lawyers would have been far less. But the defendants chose another,

---

1. The "progress" calls to mind Grant's long, wearing, and weary campaign from the Wilderness to Appomattox Court House. Like Grant, plaintiffs and their counsel encountered constant resistance and repeated evasive maneuvers. As for Lee, these tactics gained for the defendants continued survival, and the respite of temporary escape. But now the time for truly unconditional surrender, already overdue, is at hand.

and far more costly course. That course, as can be seen by hindsight, was accompanied by representations [2] and assurances [3] that were either not accurate, on the one hand, and/or, in any event, not fulfilled, on the other.

I have reviewed the petition for fees and costs and its accompanying affidavits in detail, keeping in mind the defendants' basic contention that a lot of money is being sought for what does, indeed, remain appropriately characterized as collection work. On the basis of that review, I find, nonetheless, by more than a preponderance of the evidence, that: 1) the number of attorneys, and the level of their competence, experience, and skill, needed to work on those efforts were reasonable, and necessitated by the defendants' prolonged resistance, failure to fulfill their promise to pay the agreed settlement, and the challenging nature of the problems encountered by plaintiffs' counsel; 2) the time expended was reasonably related to the work that defendants' resistance made necessary to protect the plaintiffs' interest in ultimately recovering anything, much less what they were entitled to recover; and 3) the hourly rate charged to the plaintiffs was appropriate for the communities in which the services were provided.

The work performed is not overstated, and was in response to the defendants' repeated failure to fulfill their commitments, many of which were made by the defendants and accepted by the plaintiffs only successful entreaty to the court to make the plaintiffs be lenient. To some extent, this court can probably be faulted for the patience repeatedly shown toward the defendants, and its reluctance to grant the plaintiffs' increasingly insistent de-

mands that it let the hammer fall. That refusal undoubtedly prolonged the delay and increased the costs. But defendants hardly can complain: the respite they gained was at their request.

In light of the forgoing, it is

ORDERED THAT plaintiffs' motion for an award of attorneys' fees and costs be, and the same hereby is granted; plaintiffs to submit final statement, inclusive of fees and costs incurred from the date of filing of their motion to date, and a judgment entry on or before August 31, 2004.

On receipt of said judgment entry, the Clerk shall enter judgment against the defendants and in favor of the plaintiffs accordingly.

So ordered.

---

**2.** These consisted of statements that substantial funds were in escrow or had been deposited and could be paid forthwith.

**3.** These consisted of guarantees that needed financing was but days away, and money would soon be flowing into the defendant corporation and from the defendants to the plaintiffs.